O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ROSS,<br><br>                Plaintiff,<br>    v.<br><br>MORGAN STANLEY SMITH BARNEY, LLC, a limited liability corporation; CYNTHIA NEWMAN, an individual; BRIAN KRUEGER, an individual; ROBERT L. PERRY, an individual; and DOES 1–20, inclusive,<br><br>                Defendants. | Case No. 2:12-cv-09687-ODW(JCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [27]** |

## I. INTRODUCTION

On January 14, 2013, Plaintiff Michael Ross filed his Second Amended Complaint ("SAC"), naming Morgan Stanley Smith Barney, Cynthia Newman, Brian Krueger, and Robert L. Perry as Defendants. (ECF No. 20, at 1.) In their Answer to the SAC, Defendants set forth 26 affirmative defenses. (ECF No. 22, at 13–17.) But Defendants' legal theories are unsupported by facts that show how and to which specific claims the affirmative defenses apply.

Ross now moves to strike all affirmative defenses, claiming that each affirmative defense is either inadequately pleaded or not an affirmative defense at all. (ECF No. 27.) Defendants contend that Ross applied the wrong pleading standard

and that Defendants have pleaded all affirmative defenses sufficiently under Federal Rule of Civil Procedure Rule 8(b).

For the following reasons, Plaintiff's motion is **GRANTED.**[1]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a Court has the discretion to strike a pleading or portions of the pleading. *Fed. Sav. & Loan v. Gemini Mgmt.*, 921 F.2d 241, 243 (9th Cir. 1990). Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Impertinent allegations are those that are not relevant to issues involved in the action. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Immaterial matters are those with no essential or important relationship to the pleaded claims or defenses. *Id.*

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. An affirmative defense may be insufficiently pleaded where it fails to provide the plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances the defense could succeed." *Ganley v. Cnty. of San Mateo*, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007).

Because the purpose of pleading an affirmative defense is simply to give fair notice to the plaintiff of the defense being asserted, leave to amend should be freely granted in the absence of prejudice to the opposing party. *Wyshak,* 607 F.2d at 826–27.

///

///

---

[1] Having carefully considered the papers filed with respect to Ross's Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

### III. DISCUSSION

The parties dispute which pleading standard applies to affirmative defenses. Ross contends that the *Twombly* and *Iqbal*'s plausibility standard should apply to all pleadings. (Mot. 3.) This standard requires that Defendants plead affirmative defenses with enough specificity or factual particularity to give the plaintiff fair notice of the defenses being advanced. (*Id.* (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).) Defendants assert that Rule 8(b) only requires that Defendants identify a legal theory upon which a defense rests. (Opp'n 5.)

Defendants correctly point out that the Ninth Circuit has not yet decided whether *Twombly* and *Iqbal*'s pleading requirements applies to affirmative defenses. (*Id.* (quoting *Gonzalez v. Heritage Pac. Fin., LLC*, No. 12-01816, 2012 WL 3263749, at *1 (C.D. Cal. Aug. 08, 2012).) In an effort to persuade this Court that a plausibility standard should not be applied to affirmative defenses, Defendants draw a distinction between Rules 8(a) and 8(b). (ECF No. 35, at 6.) Defendants claim that in light of the limited time allotted for an answer—21 days—and the risk of waiving any affirmative defenses not pleaded, responsive pleadings should not be held to the same standards as a complaint. (*Id.* at 7–8.) But many federal district courts in California have drawn analogy to the Ninth Circuit's pre-*Twombly* decision in *Wyshak v. City National Bank*, 607 F.2d 824, to find that *Twombly* and *Iqbal*'s heightened pleading standard does apply to affirmative defenses. *See Powertech Tech., Inc. v. Tessera, Inc.*, No. 10-945, 2012 WL 1746848, at *5 (N.D. Cal. May 16, 2012) (collecting cases).

Before *Twombly* and *Iqbal* established the prevailing plausibility standard under Rule 8, *Conley v. Gibson* had held that a complaint should be dismissed for failure to state a claim only where it appeared beyond doubt that the plaintiff could "prove no set of facts in support of his claim." *Conley*, 355 U.S. 41, 45–46 (1957). In *Wyshak*, the Ninth Circuit cited *Conley* for the proposition that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley*, 355 U.S. at 47–48).

This Court agrees with those courts in the Northern District of California that have found that *Twombly* and *Iqbal* merely "changed the legal foundation underlying" *Wyshak* and that the reasoning in *Twombly* and *Iqbal* should apply to affirmative defenses to the same extent *Conley* did before *Twombly* and *Iqbal* were decided. *See Powertech*, 2012 WL 1746848, at *4 (collecting cases). Courts have observed that Rule 8's requirements with respect to pleading defenses in an answer parallel the Rule's requirements for pleading claims in a complaint. *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). This parallelism appears to be the very reason the Ninth Circuit applied *Conley* to the pleading of affirmative defenses in *Wyshak*. *Powertech Tech., Inc.*, 2012 WL 1746848, at *4. Because the defendant bears the burden of proof on an affirmative defense (just as the plaintiff does on a claim for relief), the plausibility standard would seem to apply to affirmative defenses for the purpose of giving the plaintiffs fair notice of the defenses being alleged. *Id.*

The Court therefore maintains that the plausibility pleading standard applies to affirmative defenses. *Heritage Pac. Fin., LLC*, 2012 WL 3263749, at *2; *Gonzalez v. Preferred Freezer Servs., LBF, LLC*, No. 12-3467, 2012 WL 2602882, at *2 (C.D. Cal. July 5, 2012). Applying this standard to affirmative defenses serves an important purpose: requiring at least *some* valid factual basis for pleading an affirmative defense and preventing defendants from adding defenses in an answer based on pure conjecture. *Barnes*, 718 F. Supp. 2d at 1172. The plausibility standard also serves to obviate the listing of boilerplate affirmative defenses, many of which are irrelevant to the claims asserted. *Id.*

Ross asserts that Defendants' pleadings fall short of this standard. (ECF No. 27, at 4.) He contends there is absolutely no indication of any factual basis for the alleged affirmative defenses, leaving him to "guess and wonder how all [defenses] apply to each cause of action." (*Id.*) The Court agrees.

///

Defendants have failed to link any of their 26 affirmative defenses to Ross's claims—a problem exacerbated by Defendants' failure to articulate *any* facts supporting the alleged defenses. For instance, Defendants allege that Ross's claims are barred by the applicable statutes of limitation, but they fail to allege what the applicable statutes are and to which of Ross's claims those statutes apply. (ECF No. 22, at 13.) Baldly naming affirmative defenses falls short of the pleading requirement set forth in the Federal Rules of Civil Procedure. *Woodfield*, 193 F.3d at 361. The Ninth Circuit has indicated that a mere recitation of a statute-of-limitations defense is insufficient under any standard. *Wyshak*, 607 F.2d at 826 (holding that defendants met the *Conley* no-set-of-facts standard when they attached a memorandum to their answer indicating the applicable statute on which their statute-of-limitations affirmative defense relied).

All of Defendants' allegations follow this same boilerplate model. (ECF No. 22, 13–17.) Defendants do not attempt to specify which of the seven claims in Ross's FAC their affirmative defenses apply to. There are no facts whatsoever supporting the defenses. This pleading practice, in the context of affirmative defenses or otherwise, flatly fails Rule 8 pleading requirements.

The Court also notes that Defendants have alleged certain affirmative defenses that are not really affirmative defenses at all. For instance, Defendants' first affirmative defense for failure to state a claim is not a true affirmative defense. (ECF No. 22, at 13.) This allegation asserts a defect in Ross's case and should be properly brought as a motion to dismiss. *Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425, at *11 (N.D Cal. Mar. 26, 2012) (slip copy). The fifth defense—stating Defendants neither the proximate nor factual cause of any injury—is not really a defense, but rather an attack on Plaintiff's prima facie case. (ECF No. 22, at 13.) Similarly, Defendants' 22nd affirmative defense asserts that Defendants are entitled to attorneys' fees, a claim that is not properly asserted until the Court has issued a final judgment. (Mot. 5.) The Court thus advises Defendants to consider which claims are

bona fide affirmative defenses when they amend their Answer. *See Perez*, 2012 WL 1029425, at *11.

Each of the 26 affirmative defenses alleged in Defendants' Answer falls short of Rule 8's pleading requirement. They either lack supporting facts, or they fail as a matter of law.

## IV. CONCLUSION

For the reasons discussed above, Ross's Motion to Strike Affirmative Defenses is **GRANTED** and Defendants' Answer is hereby **STRICKEN** with leave to amend. Defendants shall file their amended answer on or before April 16, 2013.

**IT IS SO ORDERED.**

April 2, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**